**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| STERLING BOSTON, | ) | |
| | ) | Case No. |
| Plaintiff, | ) | |
| | ) | Judge |
| vs. | ) | |
| | ) | Magistrate Judge |
| POLICE OFFICER FERNANDO RUIZ, | ) | |
| POLICE OFFICER ALEJANDRO BALLESTEROS, | ) | |
| and CITY OF CHICAGO, | ) | |
| | ) | Trial By Jury Demanded |
| Defendants. | ) | |

<u>COMPLAINT AT LAW</u>

NOW COMES Plaintiff, Sterling Boston, by and through his attorney, David S.

Lipschultz, and in support of his Complaint at Law against the Defendants, Police Officer

Fernando Ruiz, Star No. 12936; Police Officer Alejandro Ballesteros, Star No. 11650; and City

of Chicago, states as follows:

JURISDICTION AND VENUE

1.      This action is brought pursuant to the United States Constitution, 42 U.S.C. §1983

and §1988 (the Civil Rights Act of 1871), and the laws of the State of Illinois to redress

deprivations of the civil rights of the Plaintiff, accomplished by acts and/or omissions of the

Defendants and committed under color of law.

2.      This Court has jurisdiction under and by virtue of 28 U.S.C. §1343, §1331 and

§1367.

3.      Venue is proper in this judicial district pursuant to 28 U.S.C. §1391, as the acts

complained of took place in this judicial district.

PARTIES

4.      Plaintiff Sterling Boston ("Mr. Boston"), is a resident of the City of Chicago, County of Cook, State of Illinois.

5.      At all relevant times herein referenced, Defendant Police Officer Fernando Ruiz, Star No. 12936 ("Officer Ruiz"), was employed by the City of Chicago as a sworn police officer. He is sued in his individual capacity. At the time of the incidents at issue in this Complaint, Officer Ruiz was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

6.      At all relevant times herein referenced, Defendant Police Officer Alejandro Ballesteros, Star No. 11650 ("Officer Ballesteros"), was employed by the City of Chicago as a sworn police officer.  He is sued in his individual capacity. At the time of the incidents at issue in this Complaint, Officer Ballesteros was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

7.      At all relevant times herein referenced, Defendant, City of Chicago, is a governmental entity formed pursuant to the laws of the State of Illinois.  Officer Ruiz and Officer Ballesteros ("Defendant Officers") were employed by City of Chicago as sworn police officers, and at the time of the incident at issue were acting within the scope of their employment for City of Chicago and under color of law.

8.      The City of Chicago is also the entity and actor which, as the moving force Plaintiff's several of Plaintiff's constitutional rights: by designing and implementing the policies, practices and customs complained of in this Complaint at Law.

## ALLEGATIONS

9.      On June 12, 2020, at approximately 11:00 p.m., Mr. Boston was located at a home located in the 100 block of North Keeler Avenue, Chicago, Illinois.

10.     Officer Ruiz and Officer Ballesteros approached Mr. Boston in the front of the building.  The officers

11.     Officer Ruiz and Officer Ballesteros arrested Mr. Boston even though he had done nothing wrong and the Defendants lacked a lawful basis for the arrest.

12.     Officer Ruiz handcuffed Mr. Boston with hands behind his back.

13.     People in the neighborhood saw this unlawful arrest; people began to protest and to express their outrage.

14.     Officer Ruiz and higher-ranking officer walked Mr. Boston to a police vehicle to transport Mr. Boston to the police station.  Officer Ruiz was holding on to Mr. Boston by holding the handcuffs he had placed on Mr. Boston's wrists.

15.     Mr. Boston had a minor stumble.  Officer Ruiz, perhaps misinterpreting Mr. Boston's stumble as an attempt to escape, became extremely angry and cursed at Mr. Boston.

16.     Officer Ruiz forcefully pushed Mr. Boston face down onto the sidewalk, causing Mr. Boston to land on his face.

17.     Officer Ruiz then punched the still-handcuffed Mr. Boston on his head multiple times.

18.     Officer Ruiz's brutal attack on Mr. Boston was videorecorded.  The video went viral on social media, and media reported on the incident.

19.     Mr. Boston was unlawfully detained.

20.     After the they arrested Mr. Boston, Officer Ruiz and Officer Ballesteros, pursuant

to the Chicago Police Department's code of silence, invented a series of false statements to cover

up for their unlawful arrest, and Officer Ruiz's beating, of Mr. Boston.

21.     According to the Chicago Tribune, Officer Ballesteros was recently suspended by

the Chicago Police Department after their Bureau of Internal Affairs found that he falsified

police reports in a 2019 arrest (in a matter unrelated to Mr. Boston's arrest).

22.     To implement and advance the code of silence, Officer Ruiz and Officer

Ballesteros used their false statements to form the basis of the "facts" of their arrest reports and

statements.  In so doing, the Defendant Officers:

       a.      helped each other cover up their acts and omissions;

       b.      turned a blind eye to each other's misconduct;

       c.      hid the truth from their supervisors;

       d.      hid the truth from the Cook County State's Attorney's Office;

       e.      hid the truth from Mr. Boston and his defense attorney in the criminal
               proceedings; and,

       f.      obstructed transparency mandated by state and local law.

23.     All criminal charges filed by the Defendant Officers against Mr. Boston in the

Circuit Court of Cook County were later dismissed.

24.     The Defendants' actions were the proximate cause of Plaintiff's injuries.

25.     The Plaintiff suffered physical and emotional injuries, pain and suffering, medical

treatment and bills, constitutional violations, loss of liberty, and other losses and expenses.

## COUNT I
## 42 U.S.C. §1983 FALSE ARREST &
## UNLAWFUL SEARCH AND SEIZURE
## AGAINST OFFICERS RUIZ AND BALLESTEROS

26.     The Plaintiff re-alleges and incorporates herein the allegations of paragraphs 1 through 25.

27.     Defendant Officers did not have probable cause or any other legal basis to search and seize the Plaintiff.

28.     Defendant Officers did not have probable cause or any other legal basis to arrest the Plaintiff.

29.     The actions of the Defendant Officers violated the Plaintiff's Fourth Amendment Rights and were in violation of said rights protected by 42 U.S.C. §1983.

30.     The Plaintiff suffered damages.

WHEREFORE, the Plaintiff, Sterling Boston, prays for judgment against Police Officer Fernando Ruiz and Police Officer Alejandro Ballesteros, for compensatory damages, punitive damages, the costs of this action, attorney's fees pursuant to 42 U.S.C. §1988, and such other and additional relief as this Court deems equitable and just.

## COUNT II
## 42 U.S.C. §1983 EXCESSIVE FORCE
## AGAINST OFFICER RUIZ

31.     The Plaintiff re-alleges and incorporates herein the allegations of paragraphs 1 through 25.

32.     The force used by Officer Ruiz against the Plaintiff constituted excessive force in violation of the Plaintiff's Fourth Amendment Rights of the U.S. Constitution and 42 U.S.C. §1983.

33.     The force used by Officer Ruiz against the Plaintiff was objectively unreasonable

and excessive, and was undertaken intentionally, with malice, and with reckless indifference to the Plaintiff's constitutional rights.

34.     The Plaintiff suffered damages.

WHEREFORE, the Plaintiff, Sterling Boston, prays for judgment against Officer Fernando Ruiz for compensatory damages, punitive damages, the costs of this action, attorney's fees pursuant to 42 U.S.C. §1988, and such other and additional relief as this Court deems equitable and just.

COUNT III
42 U.S.C. § 1983 CONSPIRACY
AGAINST OFFICERS RUIZ AND BALLESTEROS

35.     The Plaintiff re-alleges and incorporates herein the allegations of paragraphs 1 through 25.

36.     Defendant Officers conspired and agreed to use their police powers in an unlawful manner to falsely arrest the Plaintiff.

37.     Defendant Officers committed overt acts in furtherance of this conspiracy, which included fabricating evidence, providing false information in sworn reports, signing false criminal complaints, and providing perjured and false testimony in criminal proceedings against the interests of Mr. Boston.

38.     The actions of Defendant Officers were committed intentionally, with malice, willfulness, wantonness and reckless indifference to the rights of the Plaintiff.

39.     The Plaintiff suffered damages.

WHEREFORE, the Plaintiff, Sterling Boston, prays for judgment against Police Officer Fernando Ruiz and Police Officer Alejandro Ballesteros for compensatory damages, punitive

damages, the costs of this action, attorney's fees pursuant to 42 U.S.C. §1988, and such other and

additional relief as this Court deems equitable and just.

COUNT IV
*MONELL* CLAIMS AGAINST
CITY OF CHICAGO

40.      The Plaintiff re-alleges and incorporates herein the allegations of paragraphs 1

through 39.

41.      The City of Chicago maintains unconstitutional police policies and customs,

which caused the Plaintiff to suffer violations of his Fourth Amendment right to be free from

unreasonable search and seizure.  The City of Chicago is liable to Plaintiff for these violations,

pursuant to *Monell v. Department of Soc. Svcs.*[1] and its progeny.

42.      According to the United States Department of Justice in 2016, the City of Chicago

maintains a wide spectrum of unconstitutional police patterns and practices violations, including

unlawful searches and seizures; excessive use of force; excessive use of deadly force; malicious

prosecutions; and wrongful convictions.  The report stated that the Chicago Police Department's

flaws have helped create a culture in which officers expect to use force and not be questioned

about the need for, or propriety of, that use of force.

43.      In addition to the Justice Department investigation, the City's constitutional

violations are evidenced by widespread practice constituting a "custom or usage;" and by a

failure to supervise or discipline its officers.

44.      The widespread practices of constitutional violations are not written or formally

adopted, but is a pervasive, longstanding practice that has the force of law.

---

[1] *Monell v. Department of Soc. Svcs.*, 436 U.S. 658 (1978)

45.      The City is liable for the widespread practice within its police department of:

      a.      Officers falsifying arrest reports;

      b.      Officers falsifying testimony;

      c.      Officers covering up for fellow officers' misconduct by falsifying reports and testimony;

      d.      Arresting innocent people; and,

      e.      Maliciously prosecuting innocent people.

46.      Underpinning these unconstitutional policies and practices is a code of silence. The code of silence is an oath by police officers to intentionally fail to report other police officers' misconduct.

47.      The City is liable for the widespread practice within its police department of a code of silence whereby police officers are reluctant to report (and turn a blind eye to) another officer's bad conduct to superiors, even in the midst of serious criminal wrongdoing. This code of silence results in the inappropriate and insufficient supervision of officers, and in the inability to uncover and discipline wrongdoers.

48.      In 2015, the mayor of Chicago admitted that a code of silence exists within the Chicago Police Department.

49.      On June 12, 2020, when the Defendant Officers falsely arrested Mr. Boston, and when Officer Ruiz beat him, the Chicago Police Department's unconstitutional patterns and practices remained unchanged from 2016. Evidence of this failure includes the June 2020 report of the Independent Monitor in the City of Chicago police department consent decree case, pending before Judge Robert M. Dow, Jr. (Doc. 844, *State of Illinois v. City of Chicago*, 17-cv-6260). The report documented that more than a year into court-ordered reforms pursuant to a consent decree, the City of Chicago had missed more than 70 percent of the deadlines set ordered

by the Court. The areas of policy reform at issue in the consent decree include the Chicago

Police Department's use of force, community policing, accountability, recruitment and training

— issues at the center of the Defendant Officer's mistreatment of Mr. Boston.

50. Finally, the City is liable for its failure, within its police department, to supervise

or discipline its officers. The City's failure to supervise or discipline its officers violates the

constitutional rights of individuals, including the Plaintiff.

51. The Defendant Officers undertook a wide range of acts and omissions that were

or should have been detected by their colleagues and their superiors.

52. City officials had actual or constructive knowledge of the unconstitutional police

policies detailed in this complaint.

53. The City's failure to supervise and discipline demonstrates a deliberate

indifference to the Plaintiff's rights and the rights of citizens generally.

54. The City's unconstitutional police policies are a direct and proximate cause of

Plaintiff's injuries.

55. As a result of these and other failures by the City, the Plaintiff suffered damages.

WHEREFORE, the Plaintiff, Sterling Boston, pray for judgment against City of Chicago,

for all available damages, attorneys' fees, and costs of this action, attorney's fees pursuant to 42

U.S.C. §1988, and such other and additional relief as this Court deems equitable and just.

COUNT V
ILLINOIS LAW CLAIM - INDEMNIFICATION
AGAINST CITY OF CHICAGO

56. The Plaintiff re-alleges and incorporates herein the allegations of paragraphs 1

through 39.

57. Illinois law provides that public entities are directed to pay any tort judgment for

9

compensatory damages for which employees are liable within the scope of their employment activities.

58.     At all times relevant to this incident, Defendants, Officer Ruiz and Officer Ballesteros were employees of the City of Chicago, and they acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE, the Plaintiff pray that should this Court enter judgment in their favor and against Officer Fernando Ruiz and/or Officer Alejandro Ballesteros, the City of Chicago will be ordered to pay the Plaintiff any judgment for compensatory damages obtained against those Defendants.

JURY DEMAND

Plaintiff prays for trial by jury.

Respectfully submitted,

STERLING BOSTON

*/s/* David S. Lipschultz
David S. Lipschultz

David S. Lipschultz
Law Offices of David S. Lipschultz, Inc.
200 S. Michigan Avenue, Suite 201
Chicago, Illinois 60604
Telephone: 312-414-1778
Fax: 312-414-1887
Email: david@dsllawoffice.com